EASTERN DIST.
*April,* 1838.

M'GREGOR
*vs.*
BRITTINGHAM
ET AL.

The clerk and judge both, however, certify, that the record contains all the testimony adduced on the trial, etc.

The plaintiff in the rule appealed.

*M'Kinney,* for the appellant.

*Bullard, J.,* delivered the opinion of the court.

The certificates of the clerk and judge, that "the record contains all the evidence adduced on the trial," will be disregarded, and the appeal dismissed, if the cause is not in a situation to enable the court to examine the testimony and the whole case, on its merits.

---

### M'GREGOR *vs.* BRITTINGHAM ET AL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

A party making advances for and on account of a vessel in a foreign port, and who executes a bond to obtain her release from seizure, conditioned to pay the amount of forfeiture, in the event of its being declared by the supreme judicial tribunal of the country, is entitled to recover full indemnity for such advances, and the penalty of his bond from the owners, reserving to the latter the right to recover back the penalty if the forfeiture is remitted.

This is an action to recover from the defendant, Brittingham, as master and part owner, and of B. Issaverden, three-

Eastern Dist.
*April*, 1838.

M'GREGOR
*vs.*
BRITTINGHAM
ET AL.

fourths owner of the brig Ophir, all residing in New-York, indemnity, amounting to seven thousand three hundred and three dollars, for advances made, and a penal bond executed by the plaintiff, in Campeachy, to release said brig from seizure, about the 1st of May, 1835.

The plaintiff alleges, that when the brig arrived in the port of Campeachy, she was seized for an alleged violation of the revenue laws of Mexico. That during the detention of the vessel for several months, he made advances for disbursements, expenses and . costs of the legal proceedings against her in the Mexican tribunals, for the forfeiture, and for commissions and disbursements in bonding 'her, &c., amounting to one thousand, four hundred and eighty-eight dollars, according to an annexed account; and all this with the consent and at the request of the master and part owner.

He further shows, that at the request of the master and part owner, and in order to obtain the release of said vessel, he gave a bond, in the penalty of five thousand and four dollars, her appraised value, to abide the final decree of the supreme judicial tribunal of Mexico, to which the case had been taken by an appeal; and that in the meantime the brig was to proceed to New-Orleans, or some port in the United States, the master first executing a bottomry bond in the ordinary form, according to mercantile usage, with the customary maritime interest, which he alleges to be at the rate of twelve and a half per cent., secured on the bulk and equipments of the vessel, for the amount of said bond and disbursements, to be paid with interest, to wit : the bond within sixty days, and disbursements in thirty days after her arrival in a port of the United States. That this arrangement was extremely advantageous to the interest of the defendants, as it enabled them to employ and have said vessel released for a sum not exceeding one-third of her real value.

He further alleges, that the defendant, Brittingham, in violation of his agreement, and with the intention of defrauding him, departed clandestinely in the night, the 5th or 6th of January, 1836, without executing the bottomry bond for

EASTERN DIST.
*April,* 1838.

M'GREGOR
*vs.*
BRITTINGHAM
ET AL.

his security to cover the advances and responsibilities made and incurred for said vessel, and brought her to the port of New-Orleans.

He prays that the vessel be attached, and that he be declared to have a privilege or lien on her, and that judgment be rendered in his favor for the amount of his advances, and the penal bond given to the Mexican government, &c.

The defendant, Brittingham, pleaded a general denial, and denied specially every allegation in the petition.

The other defendant admitted he was owner of three-fourths of said brig Ophir, but had since abandoned all his interest in her to the underwriters.

The plaintiff filed a supplemental petition, making certain insurance offices in New-York parties, defendants, on account of the abandonment of Issaverden.

Upon these pleadings and issues the case was tried before the court.

The parish judge summed up the whole case on the evidence and arguments of counsel, as follows:

" 1. That it clearly results from the evidence, that A. P. Brittingham, master of the brig Ophir, and the proper agent of all the owners of said vessel, for every thing relative to the same, had agreed with the plaintiff to execute to him a bottomry bond on said brig Ophir, in the usual form and with the usual mercantile liabilities and interest, for the purpose of securing the said plaintiff: *first,* for the amount of a certain bond, furnished by said plaintiff, to obtain the release of said brig Ophir, which otherwise would have continued to be detained in the port of Campeachy, by the authorities of the country, whilst a certain suit, in which an appeal *had* been taken to the Supreme Court of Mexico, should be undetermined; *secondly,* for the necessary advances and disbursements made by said plaintiff for said brig Ophir, and for the plaintiff's usual mercantile commissions; and that after having entered into said agreement, but before furnishing the bond aforesaid, agreeably to his promise, the said Capt. Brittingham, without the knowledge and consent of the plaintiff,

EASTERN DIST.
*April*, 1838.

M'GREGOR
*vs.*
BRITTINGHAM
ET AL.

did clandestinely depart, during the night, from the said port of Campeachy, leaving in the hands of the American consul at that place, the register and other papers of the vessel, which had been placed in the hands of said officer, for the purpose of carrying into execution the agreement relative to the bottomry bond aforementioned.

"2. That according to the agreement aforesaid, and in comformity with the bottomry bond, had it been entered into as contemplated, the amount of plaintiff's disbursements and commissions, and the premium or maritime interests thereon, were to be paid within thirty days after the Ophir's arrival in a port of the United States, and the amount of the bond and interest thereon within sixty days after such arrival.

"3. That the said Capt. Brittingham, having, by his clandestine running away with the brig from Campeachy, avoided the completion of the agreement by him entered into with the plaintiff, to wit : the execution of the bottomry bond aforementioned, the plaintiff is entitled to demand from this court, that he should be re-placed in the same situation in which he would have been, had the agreement been honestly fulfilled.

"4. That it is in evidence, that the amount of the bond entered into by the plaintiff, to obtain the release of the brig Ophir, as before mentioned, is five thousand and four dollars. ($5004.)

"5. That the amount of the plaintiff's disbursements and commissions, is fully proved to be fourteen hundred and seven dollars and forty-five cents, ($1407 45.)

"6. That it is also in evidence, that twelve and one-half per cent. is a reasonable bottomry premium between Campeachy and New-Orleans, especially in the situation in which the Ophir found herself at the time of the agreement.

"7. That the precise day of the arrival of the brig Ophir in New-Orleans, shows, without doing any injury to the defendant, the day on which the plaintiff's petition was filed in this court, to wit: the 23d of January, 1836, may properly be taken as the time from which the thirty and the sixty days were to begin, within which the plaintiff was to

EASTERN DIST.
*April*, 1838.

M'GREGOR
*vs.*
BRITTINGHAM
ET AL.

be paid for the amount of his disbursements and commissions, and for the amount of the bond by him entered into as aforesaid, together with the premium on each of said items respectively; so that the plaintiff was entitled to receive the amount of his bill for disbursements, and the premium thereon, on the 23d February, 1836, and the amount of the bond and the premium thereon, on the 23d March, 1836.

"8. That according to the principles just laid down, the account between the parties would stand as follows:

| | | |
|---|---:|---:|
| Amount of the appeal bond entered into by the plaintiff, | $5004 00 | |
| Amount of premium on the same, at '12½ per cent., | 625 50 | |
| Amount of appeal bond and premium thereon, due March 23, 1836, | | $5629 50 |
| Amount of plaintiff's disbursements and commissions, | $1407 45 | |
| Amount of premium on the same, at 12½ per cent., | 175 93 | |
| Amount of plaintiff's disbursements and prem. thereon, due Feb. 23, 1836, | | 1583 38 |
| Total amount due by defendants to plaintiff, | | $7212 88" |

Judgment was rendered for this sum, with interest and costs, from which the defendants appealed.

*J. Slidell,* for the plaintiff, urged the affirmance of the judgment appealed from, as being fully proved by the testimony, facts, and the circumstances of the case.

*Schmidt,* for the defendants, insisted on the reversal of the judgment, as being erroneous.

1. Because there is no legal evidence that the plaintiff made even one-fourth of the disbursements, which the inferior court assumed as proved.

2. Because there is no proof that plaintiff entered into any bond for defendants.

EASTERN DIST.
*April*, 1838.

M'GREGOR
*vs.*
BRITTINGHAM
ET AL.

3. Because if such bond was entered into, there is no evidence to show that it was not void at the time the cause was tried, nor indeed that there was even the slightest ground to apprehend that plaintiff would have to pay the same, nor that the appeal was ever prosecuted before the Supreme Court at Mexico.

4. Because at least a portion of the pretended contract, viz: the bond for five thousand and four dollars, is not a proper subject for bottomry, there being no such *hazard or risk* as the law contemplates and requires, in order to authorize a maritime loan of that nature. *Vide Annesley on Insurance*, 173, 187. *Abbott on Shipping*, 173, '4, '5, and 176. *Hale's Emeregon, p.* 24, 30, 31, 36. *Benecke,* 71, 72.

5. Because if the pretended contract was such a one as was suitable and proper for bottomry, there is no evidence of the impossibility of procuring security otherwise, or of the necessity of resorting to this mode of indemnity. *Benecke,* 247.

6. Because there is no written evidence of the existence of a contract of bottomry, and the law does not authorize the same to be proved by parole. *Hale's Emeregon, p.* 45.

*Bullard, J.*, delivered the opinion of the court.

In this action, the plaintiff seeks to recover of the owners of the brig Ophir, the amount of certain advances, made by him, and indemnity against a bond by him subscribed, upon which the vessel was released from seizure ; the plaintiff remaining liable in the event of her final condemnation, in the Supreme Court of Mexico. He further claims maritime interest on the amount, upon the allegation, that one of the owners who was at the same time master, agreed and bound himself to hypothecate the brig for the amount of the advances and of the bond, and to pay him the usual rate of maritime interest, which he alleges to be twelve and a half per cent., but that after the advances were made, and the brig released upon the execution of the bond, the master and part owner departed with the brig clandestinely, from the port of Campeachy, without executing the bottomry bond, and leaving behind him a part of the ship's papers.

EASTERN DIST.
April, 1838.

M'GREGOR
vs.
BRITTINGHAM
ET AL.

It appears that the captain was and is owner of one-fourth of the brig, and that the owner of the other three-fourths abandoned to the underwriters, who are now made parties in this suit, the brig having been seized in the port of New-Orleans, at the suit of the plaintiff.

The principal facts of the case are substantially proved, not only by the testimony of witnesses, but by the letters of the defendant, Brittingham; that the latter promised to execute a bottomry bond, as a counter security to the plaintiff, and that the money should be payable a short time after the arrival of the Ophir in a port of the United States, we have not the slightest doubt; and that the plaintiff relying on his promises, made the advances required of him, and executed the bond upon which the brig was released from seizure, subject to the final decision of the appellate tribunal, is equally certain.

A party making advances for, and on account of a vessel in a foreign port, and who executes a bond to obtain her release from seizure, conditioned to pay the amount of forfeiture, in the event of its being declared by the supreme judicial tribunal of the country, is entitled to recover full indemnity for such advances, and the penalty of his bond from the owners, reserving to the latter the right to recover back the penalty, if the forfeiture is remitted.

If a bottomry bond had been executed according to promise, the owners, other than Brittingham, might, perhaps, have contested his authority and the validity of the hypothecation. But such is not now the question before the court.

The advances made by the plaintiff and the liability incurred by him in executing the bond for the release of the brig, were useful and even indispensable to all concerned, and he is entitled to liberal remuneration from them. At any rate, he is legally entitled to the indemnity stipulated, whether in the shape of a specific performance of the contract on the part of the master and part owner, or in that of damages for the non-performance of the contract. The indemnity in relation to the bond towards the Mexican authorities, was to have been, the payment of the amount to the plaintiff sixty days after the arrival of the brig in the United States.

The Parish Court, however, in our opinion, erred, in giving judgment for the plaintiff absolutely for the amount of the bond, without making any provision for its reimbursement in the event of McGregor being released from any further liability on his bond, or the affirmance of the decree of the tribunal from which an appeal had been taken. The money in his hands was evidently intended only as a coun-

ter security, to be refunded in the event of the plaintiff not being made liable on his bond.

EASTERN DIST.
April, 1838.

M'GREGOR
vs.
BRITTINGHAM
ET AL.

The court further erred, in our opinion, in allowing an item in the plaintiff's account of three hundred and eighty-nine dollars and sixty-two and a half cents for tonnage duties, advanced by him on account of the brig. It appears in evidence, that this payment of duties was conditional, and that in the event of the final condemnation of the vessel, the amount should be deducted from the bond; that is to say, that McGregor would have that much less to pay. That amount was therefore included in the bond, and the plaintiff cannot recover both.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be reversed, and proceeding to give such judgment as should, in our opinion, have been rendered below; it is further ordered and decreed, that the plaintiff recover of the defendants, to be paid out of the property attached, the sum of six thousand eight hundred and twenty-three dollars and twenty-five cents, together with the costs of the Parish Court, reserving to the defendants their right to recover back five thousand and four dollars, the amount of the plaintiff's bond of the 14th of December, 1835, upon their making it appear that the plaintiff has been exonerated from any further liability on account of the same, in any other way than by payment, according to its tenor and conditions; and it is further ordered, that the plaintiff pay the costs of the appeal.